# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS D. CROCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-426 |
| | ) | |
| CITY/TOWN, OR BORO OF MT. | ) | Chief Judge Gary L. Lancaster |
| LEBANON, PENNA; MT. LEBANON | ) | Magistrate Judge Cathy Bissoon |
| POLICE DEPT.; OFFICERS' HENLEY, | ) | |
| DUBRO(W)SKI & SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Dismiss (Doc. 16) be granted in part and denied in part, as discussed below.

### II. REPORT

**BACKGROUND**

*Pro se* Plaintiff Thomas D. Crock brings this action against Defendants Borough of Mt. Lebanon ("Borough"), the Mt. Lebanon Police Department ("Police Department"), and Mt. Lebanon Police Officers Brian Henley, Tom Rutkowski and Kevin Smith ("Officers") (collectively, "Defendants"), to seek relief for allegedly unlawful conduct arising out of a traffic stop. Plaintiff alleges that on April 12, 2007, Defendants "conducted an unlawful traffic stop of/on Plaintiff." (Compl. at ¶ 6.) He further alleges that during this traffic stop, Defendants, without his permission, conducted an illegal search of his vehicle and illegally seized his identification and "some other personal items." Id. at ¶¶ 7-8. Defendants cited Plaintiff for

failure to yield to a pedestrian. Id. at ¶ 10. On February 25, 2008, this citation was dismissed. Id. at ¶ 11.

Plaintiff appears to assert both statutory and common law claims against Defendants, including claims under 42 U.S.C. § 1983 and § 1985 for purportedly violating his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments and common law claims for malicious prosecution, abuse of process, intentional infliction of emotional distress, willful misconduct, and "[k]nowing/intentional/[f]raudulent misrepresentation." Id. at ¶¶ 3, 13, 21. Defendants now seek to dismiss Plaintiff's Complaint in its entirety.[1]

## ANALYSIS

### A. Legal Standard

It is well-established that Federal Rule of Civil Procedure 8(a) "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Rule 8(a) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009).

The Court of Appeals for the Third Circuit, interpreting Twombly and Iqbal, has set forth a two-part analysis by which district courts should review a motion to dismiss under Federal

---

[1] In addition to the Borough of Mt. Lebanon, Plaintiff names as defendants Officers Brian Henley, Tom Rutkowski and Kevin Smith. Plaintiff asserts that "[t]he Act(s) done by the . . . defendant police officers', were done in the course of their employment with . . . Mt. Lebanon, Defendant; and as such are imputed to the Defendant, Mt. Lebanon." (Am. Compl. at ¶ 14.) As this assertion is the very essence of official capacity, the Court construes Plaintiff's claims against the Defendant Officers to be made against them only in their official capacity. As such, Plaintiff's claims against the Defendant Officers are redundant of those against the Borough of Mt. Lebanon. See Christy v. Pennsylvania Turnpike Comm'n, 54 F.3d 1140, 1143 n. 3 (3d Cir. 1995) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent") (citations and internal quotations omitted). The Court's analysis herein is premised on the assumption that Plaintiff's action is against only the Borough of Mt. Lebanon. See infra at Analysis, Part B (discussing dismissal of claims against Defendant Mt. Lebanon Police Department). To the extent that Plaintiff intended to assert his claims against the Defendant Officers in their individual capacity, the Court will permit Plaintiff leave to amend his Complaint to so plead.

Rule 12(b)(6). Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). First, the court must separate the factual and legal elements of the claim and accept as true all of the well-pleaded facts. Id. Second, the court must assess "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1949). Thus, "a complaint must do more than allege the plaintiff's entitlement to relief . . . [it] has to 'show' such an entitlement with its facts." Id. (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). The Court of Appeals also makes clear that a complaint does not show an entitlement to relief where the "'well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" Id. (quoting Iqbal, 129 S. Ct. at 1949).

### B. Plaintiff's Claims Against the Mt. Lebanon Police Department

Plaintiff names the Mt. Lebanon Police Department as a defendant. Defendants argue that the Police Department should be dismissed because it is not a proper party to this action. (Defs' Br. at 4.) The Court agrees. The Mt. Lebanon Police Department is a branch or subunit of the Borough of Mt. Lebanon, does not have a corporate identity independent of the Borough, and as such, is an improper party. McMahon v. Westtown East Goshen Police Dept., No. 98-3919, 1999 WL 236565, at *4 (E.D. Pa. Apr. 22, 1999) ("Branches or sub-units of municipalities, such as police departments, are not proper parties to § 1983 suits where the municipalities also have been sued . . . because they are mere extensions of municipalities and not separate entities.") (citing Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993)). Accordingly, the Court recommends that all of Plaintiff's claims against Defendant Mt. Lebanon Police Department be dismissed with prejudice. Id.

### C. Plaintiff's Section 1983 Claims

Section 1983 provides a civil cause of action for a deprivation of the "rights, privileges, or immunities secured by the Constitution and laws" under color of state law. 42 U.S.C. § 1983.

Based on a liberal reading of the Amended Complaint, Plaintiff appears to assert several claims under Section 1983, including claims premised on purported violations of Plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments and a municipal liability claim against the Borough of Mt. Lebanon. (See generally Compl.) The Court addresses each of these claims in turn.

*1.     Section 1983 – Fourth Amendment Search and Seizure Claim*

Plaintiff claims that Defendants violated his Fourth Amendment rights against unlawful search and seizure in connection with the traffic stop in April 2007. Defendants argue that "Plaintiff has pled no facts that would support any standard for a violation of his Fourth Amendment rights." (Defs.' Br. in Supp. of Mot. to Dismiss (Doc. 17) ("Defs. Br.") at 7.) The Court disagrees.

A "traffic stop is a 'seizure' within the meaning of the Fourth Amendment" and "[the] reasonable suspicion standard applies to routine traffic stops." U.S. v. Delfin-Colina, 464 F.3d 392, 396-97 (3d Cir. 2006). "[Alt]hough reasonable suspicion is a generally undemanding standard, a police officer does have the initial burden of providing . . . specific, articulable facts to justify a reasonable suspicion to believe that an individual has violated [a] traffic law[]." Id. (citation to quoted source omitted). Stated differently, a traffic stop is "a reasonable 'seizure' when an objective review of the facts shows that an officer possessed specific, articulable facts that an individual was violating a traffic law at the time of the stop." Id. at 398. The absence of reasonable suspicion may support Section 1983 liability. See Elozua v. New Jersey, 2008 WL 370926, at *5 (D. N.J. Feb. 11, 2008) ("[a]n unreasonable search and seizure claim under the Fourth Amendment may arise out of a traffic stop") (citation omitted).

Contrary to Defendants' argument, Plaintiff has done more than just plead "the legal conclusion that Defendant Smith executed an 'illegal search' after the traffic stop" and that some of Plaintiff's belongings were seized. (Defs' Br. at 8.) A review of Plaintiff's allegations reveals that Plaintiff has pled facts that, if proven, could support a violation of his Fourth Amendment rights. Plaintiff first alleges that Defendant Henley "lacking probable cause, or reasonable articulable basis for same conduct an unlawful traffic stop of/on Plaintiff Crock." (Am. Compl. ¶ 6.) In this regard, Plaintiff avers that the citation he received, e.g., "failure to yield to [a] pedestrian," ultimately was dismissed. Id. at ¶¶ 10-11. He further alleges that Defendants, after unlawfully stopping him, conducted a nonconsensual and unlawful search of his vehicle and seizure of his personal items. Id. at ¶¶ 6-9. Notably, he asserts that Defendants conducted this search after he provided them "with at least 3 forms of Identification," including "automobile registration, insurance, and a couple expired Licenses." Id. In sum, Plaintiff alleges that Defendants violated his Fourth Amendment rights first, by stopping him without any "reasonable articulable basis" and then, by conducting an unlawful search of his vehicle and seizure of his personal items.

The Court notes that Defendants frame their arguments within the assumption that the initial traffic stop was lawful, but Plaintiff alleges otherwise. Although Defendants may argue that they had the requisite reasonable suspicion to make the traffic stop, the Court, at this stage of this action, cannot make this determination. Instead, the Court must accept as true Plaintiff's allegation that Defendants lacked a proper basis to make the traffic stop. In any event, Plaintiff's claim cannot be dismissed at this stage merely because it may appear "unlikely that the plaintiff can prove" that Defendants lacked reasonable suspicion or because Plaintiff may not ultimately prevail on the merits. Phillips, 515 F.3d at 231. At this stage, Plaintiff's allegations, construed

liberally, may support a violation of his Fourth Amendment rights and are sufficient to state a plausible claim for relief under Section 1983. Accordingly, the Court recommends that Defendants' Motion to Dismiss Plaintiff's Section 1983 claim premised on the Fourth Amendment be denied.

### 2. *Section 1983 – Malicious Prosecution Claim*

Plaintiff asserts that Defendants' actions "constitute [m]alicious [p]rosecution." (Am. Compl. ¶ 21.) It is not clear whether Plaintiff intends to assert a claim for malicious prosecution under Section 1983, under state law, or both. Like Defendants, the Court construes Plaintiff's Amended Complaint as one asserting a malicious prosecution claim under both Section 1983 and Pennsylvania common law. Defendants argue that this claim should be dismissed because Plaintiff "failed to plead some deprivation of liberty consistent with the concept of a seizure." (Defs' Br. at 5.) The Court agrees.

To state a malicious prosecution claim under Section 1983, a plaintiff must show the following: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005). As to the final element – the deprivation of liberty – a plaintiff "must show that he suffered a seizure as a consequence of a legal proceeding." Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998). The Court of Appeals for the Third Circuit has made clear that for purposes of malicious prosecution, the "type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution

itself" and that "[p]retrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure." DiBella, 407 F.3d at 602-03.

Here, Plaintiff alleges only that he received a citation and that the citation later was dismissed. (Am. Compl. ¶¶ 10-11.) But notably, Plaintiff alleges no facts to identify the seizure he suffered as a consequence of a legal proceeding. Plaintiff does not identify any pretrial restraints on his liberty or for that matter, any restrictions – onerous or otherwise – that were imposed upon him. Indeed, Plaintiff does not even plead that he was arrested, detained, or handcuffed; that he was restricted from traveling; or that he had to post any kind of bail. At best, although not so alleged, the Court may be able to assume that Plaintiff had to make some court appearance, but this alone is insufficient to state a malicious prosecution claim. DiBella, 407 F.3d at 603 (affirming judgment vacating a jury verdict and stating that plaintiffs "failed to state a cause of action for malicious prosecution because their attendance at trial did not qualify as a Fourth Amendment seizure"); see also Benckini v. Coopersburg Borough, No. 05-5122, 2008 WL 2156713, at *5 (E.D. Pa. May 21, 2008) (dismissing malicious prosecution claim arising out of a traffic stop because plaintiff had not been "seized through malicious prosecution" and stating that the "issuance of a traffic citation and the resulting court appearances simply do not result in a deprivation of liberty sufficient to support a malicious prosecution claim") (citing DiBella, supra). In short, Plaintiff's Amended Complaint fails to support a claim that he suffered a deprivation of his liberty consistent with a seizure under the Fourth Amendment. The Court accordingly recommends that Plaintiff's malicious prosecution claim under Section 1983 be dismissed without prejudice.

### 3. Section 1983 – Municipal Liability Claim

Plaintiff appears to assert a municipal liability claim under Section 1983 insofar as he alleges the following:

> 16. [Defendant] "failed to properly train, supervise, discipline or otherwise hold accountable these Officers'." [sic]
>
> 17. Mt. Lebanon hires, trains officers, then encourages them in these marginal/ques-tionable/borderline/suspect traffic stops; Or, [is] indifferent to same.

(Am. Compl. ¶¶ 16-17.) The Court interprets the above allegations as a municipal liability claim predicated on the purported policy, custom or practice of the Defendant Borough of failing to properly train, supervise, or discipline its officers and personnel.

It is well-established that municipalities cannot be held liable under a theory of *respondeat superior* and that to state a section 1983 claim against a municipality (such as the Borough of Mt. Lebanon), Plaintiff must identify a custom, practice or policy that led to, or caused, his constitutional deprivations. 42 U.S.C. § 1983; Monell v. Dept. of Soc. Svcs. of NY, 436 U.S. 658, 98 S. Ct. 2018, 2035-36 (1978). To establish the requisite causation, Plaintiff must allege "'a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation.'" Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001) (quoting City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197 (1989)).

"Where, as here, the policy in question concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999) (citing Harris, 489 U.S. at 388). Thus, "not all failures or lapses in training will support liability under § 1983." Woloszyn v. County of Lawrence, 396 F.3d 314, 324 (3d Cir. 2005). The alleged deficiency in the training

program "must be closely related to the ultimate [constitutional] injury." Woloszyn, 396 F.3d at 325. To establish the requisite deliberate indifference, a plaintiff must show that "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." Carter, 181 F.3d at 357. That is, the plaintiff must be able to "show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." Montgomery v. DeSimone, 159 F.3d 120, 127 (3d Cir. 1998).

Plaintiff's thin allegations, even when construed in the light most favorable to him, do not state a plausible claim for municipal liability under Section 1983. Although he predicates his municipal liability claim on a failure to train theory, Plaintiff does not allege that this purported policy or custom caused a violation of his constitutional rights. For example, Plaintiff alleges that he was cited on two prior occasions for traffic violations, but he does not allege that these citations were because of an unconstitutionally impermissible policy or custom. Indeed, Plaintiff attributes these prior citations not to any illegal or unlawful traffic enforcement, but to "overzealous traffic enforcement." (Am. Compl. ¶ 20.) Plaintiff similarly alleges that the failure to train merely has caused officers to conduct "marginal/ques-tionable/borderline/suspect traffic stops," not unlawful, illegal or unconstitutional traffic stops. Moreover, Plaintiff does not sufficiently allege that the Defendants acted with the requisite deliberate indifference and fails to allege that any supervisory personnel had any knowledge of any problems with traffic enforcement in the Borough. See, e.g., Cunningham v. North Versailles Twp., No. 09-1314, 2010 WL 391380, at *12 (W.D. Pa. Jan. 27, 2010) (Ambrose, J.) (dismissing municipal liability

claim arising out of a traffic stop and premised on a failure to train theory because plaintiff failed to allege either that a policymaker committed the alleged wrongful act or that the officers' acts were sufficiently widespread or well-settled that they were the functional equivalent of the township's law or policy). The Court concludes that Plaintiff has offered only conclusory statements in support of his municipal liability claim and, as such, has failed to show that he has a plausible claim for relief. The Court, accordingly, recommends that Plaintiff's municipal liability claim under Section 1983 be dismissed without prejudice.

### 4. *Fifth Amendment*

Plaintiff contends that his action arises "under the provisions of the Forth [sic], Fifth, Sixth, and Fourteenth Amendments" of the United States Constitution. (Am. Compl. ¶ 3.) Because Plaintiff references the Fifth Amendment, the Court presumes that Plaintiff intends to assert a Fifth Amendment due process claim under 42 U.S.C. § 1983. The Court, however, agrees with Defendants that Plaintiff's claim fails as a matter of law. (Def's Br. at 8.) The Fifth Amendment, in relevant part, provides that no person shall be "deprived of life, liberty, or property without due process of law." The Fifth Amendment's due process clause applies to the actions of federal officials, not state actors. Leventry v. Watts, No. 06-193, 2007 WL 1469038, at *3 (W.D. Pa. May 17, 2007) (Ambrose, J.) (citing Nguyen v. U.S. Cath. Conf., 719 F.2d 52, 54 (3d Cir. 1983)). As Plaintiff has brought this claim against only state actors, Plaintiff's Fifth Amendment due process claim under Section 1983 fails as a matter of law. Id. (dismissing plaintiff's claim on the same basis). In addition, allowing Plaintiff to amend his Complaint would be futile. Accordingly, the Court recommends that Plaintiff's Fifth Amendment due process claim be dismissed with prejudice.

### 5. *Sixth Amendment*

As with the Fifth Amendment, Plaintiff also references the Sixth Amendment (Am. Compl. ¶ 3) and as such, the Court presumes that Plaintiff intends to assert a Sixth Amendment claim under 42 U.S.C. § 1983. The Court, however, agrees with Defendants that Plaintiff "has failed to state any facts that would support a claim under the Sixth Amendment." (Def's Br. at 9.) Other than the perfunctory statement in Paragraph 3 of his Complaint, Plaintiff makes no mention of the Sixth Amendment, let alone any mention of (or facts pertaining to) a trial, the speed or time involved during or before such a trial, a jury, a lack of information regarding the nature of an accusation, witnesses, or counsel for his defense. Plaintiff has not stated a plausible Sixth Amendment claim under 42 U.S.C. § 1983. See Leventry, 2007 WL 1469038, at *3 (dismissing plaintiff's Sixth Amendment claim because plaintiff did not "detail any sort of deprivation by the[] [d]efendants of the right to counsel, or of the right to a speedy trial, or of the right to confront witnesses, or of the right to be informed of the nature of charges against [plaintiff]"). Accordingly, the Court recommends that this claim be dismissed without prejudice.

### D. Plaintiff's Section 1985 Claim

Plaintiff cites 42 U.S.C. § 1985 as a basis for his action against Defendants. Section 1985 governs conspiracies to interfere with civil rights and it makes it unlawful for "two or more persons in any State or Territory [to] conspire" to (i) prevent officers from performing duties; (ii) obstruct justice or intimidate a party, witness, or juror; or (iii) deprive a person of the equal protection of the laws. 42 U.S.C. § 1985(1)-(3). Plaintiff does not identify the specific provision of Section 1985 under which he seeks to proceed, but the only provision potentially applicable to Plaintiff is Section 1985(3). To state a claim under Section 1985(3), Plaintiff must allege and prove the following: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal

privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) injury to a person or property or deprivation of any right to privilege of a citizen of the United States. Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006). Further, Plaintiff "must allege 'some racial, *or perhaps otherwise class-based*, invidiously discriminatory animus behind the conspirators' action' in order to state a claim." Id. (emphasis in original). Stated differently, Plaintiff "must allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." Id.

Here, Plaintiff avers that Defendants' "combined actions constitute conspiracy." (Am. Compl. ¶ 13.) But this is a legal conclusion. A careful review of the Amended Complaint reveals that other than this conclusory statement, and a perfunctory statement asserting that his claims arise under Section 1985 (Am. Compl. ¶ 3), Plaintiff's Complaint is devoid of any factual allegations pertaining to his Section 1985 claim. Plaintiff has not identified a class, has not alleged that he is a member of any identifiable class, and has not alleged discriminatory animus against any identifiable class. Even accepting the well-pleaded facts as true, Plaintiff has not stated a plausible claim for relief under Section 1985. See Farber, 440 F.3d at 134; Jankowski v. Demand, No. 06-618, 2008 WL 1901347, at *10 (W.D. Pa. Apr. 25, 2008) (Fischer, J.) (concluding that plaintiff failed to state a Section 1985 claim where plaintiff did not assert "the existence of a class-based invidiously discriminatory animus" or any "specific allegations to support her conspiracy claim" and only "refer[red] to § 1985 in name, only"). Accordingly, the Court recommends that Plaintiff's Section 1985 claim be dismissed without prejudice.

### E.     Plaintiff's State Law Claims

Plaintiff additionally enumerates what appears to be a litany of common law claims, including malicious prosecution, abuse of process, intentional infliction of emotional distress,

"willful misconduct – intentional torts," and "[k]nowing/intentional/[f]raudulent [m]ispresentation." (Am. Compl. at ¶ 21.) Defendants seek the dismissal of each of Plaintiff's common law claims on the grounds that the Borough and its employees in their official capacities are immune from suit under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §§ 8541-8542 ("PSTCA"). (Def. Br. at 14-15.) The Court agrees.

The PSTCA provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S.A. § 8541. Although the PSTCA enumerates a list of exceptions and provides for liability in certain situations, namely where the local agency or its employees acting in their official capacities acted negligently, see 42 Pa. C.S.A. § 8542,[2] none of those exceptions are applicable here. See Cruz v. City of Philadelphia, No. 07-493, 2007 WL 2317372, at *5 (E.D. Pa. Aug. 7, 2007) (dismissing claims for malicious prosecution and negligent and intentional infliction of emotional distress on the basis of the PSTCA); Benard v. Washington County, 465 F. Supp. 2d 461, 470 (W.D. Pa. 2006) (Mitchell, J.) (stating that "[s]ince intentional torts, including malicious prosecution, constitute 'willful misconduct,' a local agency cannot be liable for such claims pursuant to the Tort Claims Act"). Accordingly, the Court recommends Plaintiff's state law claims for malicious prosecution, abuse of process, intentional infliction of emotional distress, "willful misconduct – intentional torts," and "[k]nowing/intentional/[f]raudulent [m]ispresentation" be dismissed with prejudice against Defendants.[3]

---

[2] Those exceptions are where the agency or an employee thereof was acting within the scope of his duties with respect to eight categories of negligent acts: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals. 42 Pa. C.S.A. § 8542(b).

[3] It bears repeating that Plaintiff has asserted his claims against Defendants Henley, Rutkowski and Smith only in their official capacities, and not in their individual capacities. See Am. Compl. ¶ 14 ("The Act(s) done by the above listed defendant police officers', were done in the course of their employment with [the

### F. Plaintiff's Claim for Punitive Damages

Finally, Defendants seek dismissal of Plaintiff's claim for punitive damages. (Defs' Br. at 13.) It is well-settled that punitive damages are not recoverable against a municipality. Startzell v. City of Philadelphia, No. 05-05287, 2007 WL 172400, at *21 (E.D. Pa. Jan. 18, 2007) (stating that punitive damages for Section 1983 claims are not available against municipalities) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S. Ct. 2748 (1981)), aff'd, 533 F.3d 183 (3d Cir. 2008). Accordingly, the Court recommends that Plaintiff's claim for punitive damages against Defendants be dismissed with prejudice.

### CONCLUSION

For all of the reasons stated above, the Court recommends that Defendants' Motion to Dismiss (Doc. 16) should be **GRANTED IN PART** and **DENIED IN PART**. Initially, the Court recommends that all of Plaintiff's claims against Defendant Mt. Lebanon Police Department be dismissed with prejudice. The Court also recommends that Defendants' Motion to Dismiss be **DENIED** as to Plaintiff's Section 1983 claim premised on the Fourth Amendment. The Court further recommends that the remainder of Defendants' Motion to Dismiss be **GRANTED** as follows:

(a) The Court recommends that Defendants' Motion to Dismiss be **GRANTED** and that the following claims be **DISMISSED WITH PREJUDICE**:

    (i) the Section 1983 claim premised on the Fifth Amendment;

    (ii) the state law claims for malicious prosecution, abuse of process, intentional infliction of emotional distress, "willful misconduct – intentional torts," and "[k]nowing/intentional/[f]raudulent [m]ispresentation."; and

    (iii) the claim for punitive damages.

---

City, Boro, or Township of] Mt. Lebanon, Defendant; and as such are imputed to the Defendant, Mt. Lebanon."); see also note 1, supra.

(b) The Court recommends that Defendants' Motion to Dismiss be **GRANTED** and that the following claims be **DISMISSED WITHOUT PREJUDICE**:

(i) the Section 1983 claim for malicious prosecution;

(ii) the Section 1983 claim for municipal liability;

(iii) the Section 1983 claim premised on the Sixth Amendment; and

(iv) the Section 1985 claim.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 8, 2010. Responses to objections are due by June 22, 2010.

s/ Cathy Bissoon
Cathy Bissoon
U.S. Magistrate Judge

May 25, 2010

cc (via email):

Thomas D. Crock
Philip J. Sbrolla, Esq.
Jason A. Orr, Esq.