# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS D. CROCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-426 |
| | ) | |
| CITY/TOWN, OR BORO OF MT. | ) | Judge Gary L. Lancaster |
| LEBANON, PENNA, MT. LEBANON | ) | Magistrate Judge Cathy Bissoon |
| POLICE DEPT., OFFICERS' HENLEY, | ) | |
| DUBRO(W)SKI & SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Defendants' Motion to Compel Plaintiff's Deposition. (Doc. 34) For the reasons set forth below, Defendants' Motion will be granted.

On July 23, 2010, Defendants served Plaintiff with a Notice of Deposition scheduling Plaintiff's deposition for August 19, 2010 at Defendants' counsel's offices, which are located in Mt. Lebanon, Pennsylvania. (Def's Mot. at ¶ 4, Def. Ex. A (Doc. 34).) Plaintiff has informed Defendants' counsel that he will not appear for his deposition, or anything regarding this matter, within Mt. Lebanon. Id. at ¶ 5, Def. Ex. B; see also Pl's Response at ¶ 2 (Docs. 35, 36.) Plaintiff also has informed Defendants'' counsel that he is not available for his deposition until the beginning of September, stating that "he has 'shoulder rehab & a ton of cases right now' and that he will 'try to find the time'" after the issue over the location of the deposition is resolved. (Def's Mot. at ¶¶ 6-7, Def. Ex. B; see also Pl's Response.)

Generally, a plaintiff is required "to make himself . . . available for examination in the district in which suit was brought." 8A Charles Alan Wright, et al., Federal Practice & Procedure § 2112 (3d ed. 2010). The party noticing the deposition "may set the place for the deposition of another party wherever he or she wishes" and the location may not be altered

absent a showing of good cause.  Id.  Plaintiff has not explained, or otherwise demonstrated why appearing for his deposition at the offices of Defendants' counsel is problematic, other than a desire to not appear in Mt. Lebanon, which happens to be the location of his traffic stop giving rise to this action.  A mere desire, without more, to not return to the municipality where the conduct relevant to this action occurred is an insufficient basis upon which to change the location of the deposition.  In short, having chosen to sue Mt. Lebanon and its officers in this District (of which Mt. Lebanon is a part), Plaintiff cannot complain now about the location of his deposition in Mt. Lebanon, particularly where he cannot articulate any reason for changing that location.  Id. (stating that "[s]ince plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition").

Beyond this, as evidenced by Plaintiff's repeated amendments to his complaint, repeated requests for extensions, and his lack of cooperation in discovery,[1] it is clear to the Court that Plaintiff simply wishes to impede the progress of this litigation and to delay addressing the substance of his action.  The Court observes that Plaintiff, once again, bases his unavailability and his inability to address this lawsuit on other lawsuits that he apparently continues to pursue.  See Docs. 35, 36 (stating that he is not compensated "in this matter" and that he has "several/multiple other cases"); Def. Ex. B.  Plaintiff's other lawsuits are of his own making, and in any event, are irrelevant to Plaintiff's obligations to comply with the Court's Orders and to prosecute the instant action.  Plaintiff's dilatory behavior, if it continues, will not be tolerated.  As such, the Court will entertain a request by Defendants for sanctions, including dismissal of this action, should Plaintiff continue to obstruct the progress of this litigation.

---

[1] See Text Order dated 12/15/2009 (granting extension of time to respond to motion to dismiss); Doc. 22 (granting extension of time to respond to motion to dismiss and discussing previous extensions); Text Order dated 8/10/2010 (compelling plaintiff to provide defendant with initial disclosures); Doc. 33 (denying leave to amend and extend discovery deadline and noting previous extensions and a pattern of conduct designed to delay the litigation).

For all of the reasons stated above, Defendants' Motion to Compel Plaintiff's Deposition (**Doc. 34**) is **GRANTED**. Plaintiff is hereby **ORDERED** to appear for his deposition at **9:30 a.m. on Wednesday, August 25, 2010** at Defendants' counsel's offices located **at 650 Washington Road, Suite 700, Pittsburgh, Pennsylvania 15228**, or be subject to sanctions by this Court.

    **IT IS SO ORDERED**.

                                                   s/ Cathy Bissoon
                                                   Cathy Bissoon
                                                   U.S. Magistrate Judge

August 23, 2010

cc (via email):

Thomas D. Crock
Philip J. Sbrolla, Esq.
Jason A. Orr, Esq.